**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Siddig Bahreldin, | No. CV-25-02303-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Safety Holdings Incorporated, | |
| Defendant. | |

On September 26, 2025, Defendant Safety Holdings Incorporated ("Defendant") filed a Motion to Stay Discovery (Doc. 27) pending the resolution of Defendant's earlier filed Motion to Dismiss the First Amended Complaint.  (*See* Doc. 20).  Plaintiff Siddig Bahreldin filed a Response (Doc. 32) to Defendant's Motion to Stay on October 9, 2025, opposing the requested relief.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936).  "Discovery **may** be stayed when a dispositive motion does not require discovery, but discovery should not be stayed if it is necessary to decide the dispositive motion."  *Flynn v. Nevada*, 345 F.R.D. 338, 343 (D. Nev. 2024) (citations omitted).  A motion to stay discovery pending resolution of a potentially dispositive motion may be granted for good cause.  *See Body Xchange Sports Club, LLC v. Zurich Am. Ins. Co*., 2021 WL 2457482, at *2 (E.D. Cal. June 16, 2021) ("Though the Ninth Circuit has not provided a clear standard for evaluating

a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause.") (citations omitted). Good cause exists to stay discovery "when the district court is 'convinced that the plaintiff will be unable to state a claim for relief.'" *Flynn*, 345 F.R.D. at 343 (quoting *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981) (citation omitted).

The Ninth Circuit has not set forth a clear standard for district courts to apply when deciding to stay a case pending the resolution of a potentially dispositive motion. *See Williams v. Experian Info. Sols. Inc.*, 2024 WL 739676, at *2 (D. Ariz. Feb. 23, 2024). However, "[m]ost federal district courts . . . apply a two-part test under which it is appropriate to stay discovery [where] (1) the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed and (2) the pending, potentially dispositive motion can be decided absent additional discovery. Discovery should proceed if either prong of the test is not met. This test has the Court take a 'preliminary peek' at the underlying motion without exhaustively reviewing the merits." *Id.* (citing *Ferrell v. AppFolio, Inc.*, 2024 WL 132223, *1 (C.D. Cal. 2024)). "The party seeking the stay bears the burden of proving that it is warranted." *Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933, 937 (N.D. Cal. 2015).

Here, Defendant argues that a stay is appropriate because (1) it has filed a motion to dismiss which is dispositive to all of Plaintiff's claim and requires no further discovery, and (2) a brief stay will not prejudice Plaintiffs, but commencing discovery now will unduly prejudice Defendants. (Doc. 27 at 6–9). Plaintiffs argue that a stay is inappropriate here because (1) Defendant's Motion to Dismiss fails a "preliminary peek"; (2) granting Defendant's Motion will prejudice Plaintiff; and (3) Defendants have not demonstrated undue burden or irreparable injury. (Doc. 32 at 6–9). Plaintiff, however, does not dispute that the pending Motion to Dismiss can be decided absent additional discovery. Nonetheless, the Court finds that a stay is not proper here.

The Court must be convinced that the plaintiff will be unable to state a claim for relief. *See Wood*, 644 F.2d at 801. Plaintiff, in his First Amended Complaint, brings two

1    claims for relief under the Fair Credit Reporting Act–failure to perform a reasonable

2    reinvestigation under 15 U.S.C. § 1681i(a) and violations of 15 U.S.C. § 1681e(b) and 15

3    U.S.C. § 1681i(d).  (Doc. 19 at ¶¶ 76–98).  Defendant primarily argues that, because its

4    report on Plaintiff was accurate when issued, Plaintiff cannot maintain his FCRA claims.

5    (*See* Doc. 20 at 9–14).  In their briefing, the parties rehash their arguments for and against

6    Defendant's Motion to Dismiss, but this goes beyond the considerations of a motion to

7    stay.  To be sure, the Court will have to assess the actual viability of Plaintiff's claims and

8    weigh the parties' legal arguments, when it rules on Defendant's Motion to Dismiss.

9    However, for now, Plaintiff has plead that Defendant is a "consumer reporting agency,"

10   and he is a "consumer," under 15 U.S.C. § 1681a.  (Doc. 19 at ¶¶ 77–78).  Plaintiff has

11   alleged that he disputed the accuracy of Defendant's reporting about his license suspension,

12   but Defendants failed to conduct a reinvestigation in violation of § 1681i(a).  (*Id.* at ¶¶ 82–

13   84).  As a result of this violation Plaintiff claims to have suffered damages, such as loss

14   employment opportunity and wages.  (*Id.* at ¶¶ 85).

15          Taking a "preliminary peek" at Defendants' Motion and Plaintiffs' First Amended

16   Complaint without exhaustively reviewing the merits, the Court finds that, at the very least,

17   Plaintiffs have likely plead a plausible claim for violations of § 1681i.  The Court, finally,

18   notes that indefinite stays are disfavored and commencing discovery on Plaintiff's narrow

19   claims should not cause either party undue hardship.  *See PharmacyChecker.com LLC v.*

20   *LegitScript LLC*, 2022 WL 17496113, *2 (D. Or. 2022) ("Proceeding with discovery is a

21   normal process of litigation, not an undue hardship.").

22          Accordingly,

23          **IT IS ORDERED** that Defendant's Motion to Stay Discovery (Doc. 27) is

24   **DENIED**.

25   / / /

26   / / /

27   / / /

28   / / /

- 3 -

1    **IT IS FURTHER ORDERED** that Defendant's first Motion to Dismiss (Doc. 15)

2  is **MOOT** due to Plaintiff's filing of his First Amended Complaint.  The Court will rule on

3  Defendant's Motion to Dismiss the First Amended Complaint (Doc. 20) by separate Order.

4    Dated this 21st day of November, 2025.

5

6    _____

7    Honorable Diane J. Humetewa
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28